EXHIBIT "23"

08-22-01
11 pages rec'vd 2:05 pm pst

To: Dept of Defense
Defense Hotline

Attn: Dave.

Fax # (703) 604 8567
Phone # (703) 604 8546

From: United Partition Systems
Sue Kaminski

Phone # 909 947-1077
Fax # (909) 947-2675

Total pages (including cover) 11

Dept. of Defense
Defence Hotline
400 Army Navy Dr.
Arlington, VA.
22202

From: Sue Kaminski
United Partition
Systems, Inc.

Attn: Dave

Dear Dave,

Please excuse the handwritten letter, but I don't have access to my computer at the moment.

As I stated to you on the phone today I can't seem to come to a resolve with Luke AFB & have had no luck with writing to Commander Sargeant as he is TDY & my packet ended up in the hands of the same "grunts who think they are chiefs" as we have been dealing with for over a year.

According the latest person in charge, Ron Siler, of Luke AFB on 08-21-01 his last issue is the fact that

the last meeting that they had - so United Partition doesn't care.

Quite to the contrary, I reminded him that Mike Kaminski was scheduled to attend the meeting, but as it ended up had to have emergency dental work for an abcess & was unable to attend. He did however, request the the meeting be rescheduled. Luke AFB denied the request.

In my conversation with Mr. Siler yesterday I requested that he fax us over the issues discussed at the meeting - he said I would have to write a letter & Luke AFB should have a letter out to us in the next 7-10 days from their legal dept. I told him that if he could just fax over the list we could get to work on the issues, get them resolved & put them behind us.

Please feel free to give me a call if you should have any questions.
My office phone # is (909) 947.1077.
My cell phone # is (909) 712 1196.

Thank you for your time & Assistance.

Sincerely,
Sue C. Kaminski
Sue C. Kaminski
Vice President
United Partition Systems, Inc.

P.S. To follow are a few of the items you requested.
The complete package from United to the Commander will arrive at your office tomorrow via Fed X.

JULY 24, 2001

BRIGADIER GENERAL (SELECT) STEPHEN T. SARGEANT
56TH FIGHTER WING
OFFICE OF PUBIC AFFAIRS
LUKE AFB, AZ
85309

DEAR SIR;

It is with the deepest regret that I have been forced to send you this written correspondence.

On June 5th, 2000, my company was awarded a contract for modular buildings. (Please reference **Attachment "A"**) The total contract amount was $108,404.00

Prior to the award of the contract, we sent our President and Vice President of Sales and Marketing to Luke AFB to go over various options and review the site location. In attendance at this meeting were Bob Kaminski President and Mike Kaminski Vice President of Sales and Marketing of United Partition, Jeff Kistler, Stanley Janders, Mike Meyer, Captain Smith, various end users, the building supervisor & the HVAC engineer of Luke AFB. During this meeting notes were taken by United Partition (Please reference **Attachment "B"**)

Some of the options that were discussed were:
I.) Changing the sub-straight of the wall system from drywall to hardboard to resemble the other existing modular buildings
II.) Upgrade HVAC package.
III.) Add additional doors, windows and exit signs.
IV.) Add telephone and data conduit runs
V.) Ect. ect. ect. (Please reference **Attachment "C"**)

Once this information was attained, we provided the appropriate drawings (Please reference three items of **Attachments "D"**) Theses drawing were approved and signed for by Todd Tetrault and returned via fax transmission on June 09, 2000. (Please reference two items of **Attachments "E"** ) Manufacturing was then begun.

Upon completion of manufacturing, the project was shipped on July 28th, 2000 (Please reference two items of **Attachment "F"**) our crew was sent out from California and installation began

On August 1st 2000, the government was aware of a problem with regard to the HVAC system and their existing swamp coolers. (Please reference **Attachment "G"**)

On August 17th our HVAC crew arrived at Luke AFB to complete the project and install the HVAC units. (Please reference **Attachment "H"** )

On August 18th, 2000, as nothing was resolved by Luke AFB with regard to their swamp coolers, the project was put on hold by, Brian Milam, of Luke AFB. At that time our crew was asked to cease work until further notice due to issues that needed to be addressed by Luke AFB regarding the HVAC system. Our crew returned to California and our office-awaited notice from Luke AFB for their return. We notified Brian Milam at that time that there would be an additional charge for the extra travel and staging required for the crews return

On August 18th, 2000, we received a phone call from Brian Milam , requesting data on the United wall system. (Please reference **Attachment "I"**)

On August 23, 2000, we offered a solution to Luke AFB, by submitting a bid for the teardown of their existing swamp coolers. (Please reference **Attachment "J"**)

On September 11th, 2000 we made another attempt to complete the project. (Please reference **Attachment "K"**)
On September 19th 2000, the president of United Partition Systems spoke with Rick Kelly, requesting a partial payment, as Luke AFB still had not resolved the issue with the existing swamp coolers. Rick Kelly said to send an invoice and he would process it. (Please reference **Attachment "L"**)

After several messages had been left to Mr. Kelly to no avail over the pursuing weeks regarding the invoice payment, on October 6th, 2000, we received a call from Mr. Milam stating that we needed to submit a letter/petition of hardship. (Please reference two items of **Attachment "M"**)

On October 12th, 2000, we received a letter from Robert Kelly which stated that "before final payment could be made" there was a punch list to be completed. (Please reference **Attachment "N"**) At this point we were lead to believe that the partial payment had been made, they had resolved their issue with the existing swamp coolers and were preparing for us to return to complete the project.

From October 13th thru December 5th, 2000 we received no written correspondence, nor any return phone calls.

On December 5th, 2000, totally" out of the blue", we received a "Cure Notice" in the mail from Stanley Janders. (Please reference **Attachment "O"**) We made a call shortly thereafter to Stanley Janders discussing this matter in detail. After a lengthy discussion, Mr. Janders suggested that we put our response in writing. (Please reference **Attachment "P"**)

Please note that due to government personnel changes for this project, we have been involved in lengthy discussions, fax transmissions, re-fax transmissions and correspondence via U.S. mail with the following people from Luke AFB.

Jeff Kistler
Stanley Janders
Todd Tetrault
Bob Miller
Robert Kelly
Bernie Clemens
Ron Star
Mike Meyer
Captain Smith

Please also note that we have been in business for nearly 20 years. For the better part of those twenty years, we have had a GSA contract. We have had numerous visits to our factory from many government personnel. We have had manufacturing product inspections by GSA personnel. Once again note that we have never had a blemish on our record for GSA until this "project". I specifically note this "project" because we have been doing business with Luke AFB for the last fifteen or twenty years. We pride ourselves in being a "Blue Chip Contractor".

After five months the government has now come to the conclusion that our wall meets their requirements with the exception of the vinyl wallpaper. (Please reference **Attachment "Q"**) We were all so astounded by this absurd request, we immediately contacted Mr. Clemens. We stated that we knew there must be a typographical error or a total misunderstanding as to the fire rating of the vinyl wallpaper. (Please reference **Attachment "R"**) After the receipt of the letter labeled as Attachment "R" there is no vinyl wall paper, no wall covering, no vinyl clad finish that has a Class "A" fire rating. We further stated that all of the modular buildings on your base and all bases around the world have the same vinyl finish as we manufacturers all use many of the same suppliers and all the same materials. Furthermore we told Mr. Clemens that if you take a concrete wall, a general construction wall or a modular wall and apply a wall covering, it does not change the fire rating of the wall. After a long hesitation his reply was "that is not the same thing". If his statement is true, wall coverings would render every office and home in the United States as a fire hazard. On May 9th, 2001, Mike Kaminski sent written correspondence regarding the matter to Mr. Clemens. (Please reference **Attachment "S"**)

I hope I have made myself clear and enabled you to easily detect that the issue of the HVAC and the existing swamp coolers i.e. the reason for the cease work request by Luke AFB has been totally diverted by issue after issue. Each time we resolve an issue, someone pops up with a new one. We have requested until we are blue in the face a list, in writing, of any issues that anyone has. We have not received any such list from anyone of the contacts at Luke AFB.

On June 27th, 2001 we received a "Show Cause" letter, this time from Robert Kelly. (Please reference **Attachment "T)**

On July 3rd, 2001 we had a conference meeting with Luke AFB. (Please reference **Attachment "U")**

On July 12th, 2001 we responded again regarding the "Show Cause" letter. (Please reference **Attachment "V")**

In late July Mike Kaminski received a call from Ron Siler requesting that we make another trip to Luke AFB for another meeting to review the issues. He then called back 48 hours before the meeting was to take place and cancelled the meeting. Doesn't anyone have any regard for the price of an airline ticket? (Please reference **Attachment "W"**)

The bottom line is that my company has been put under a tremendous strain financially due to non-payment for this project. I am sure that you understand that $108,000.00 is a large sum of money. We are a small, women-owned business and due to Luke AFB lack of payment we have been forced to tap our line of credit to float this loss, which is costing us interest monthly.

Your attention to this matter would be greatly appreciated. We would like to come to a resolution, complete the project and move on to the next on.

Last, but certainly not least, I have one last attachment for you labeled as **Attachment "X"** – the infamous building!

If you should have any questions please feel free to contact me at 909/947-1077.

Respectfully Submitted,

Sue C. Kaminski
Vice President

OFFEROR TO COMPLETE ... SEE SCHEDULE | PAGE 1 OF 2

| | | | | |
|---|---|---|---|---|
| CONTRACT NO. F[...]3431 | 3. AWARD/EFFECTIVE DATE 00 JUN 05 | 4. ORDER NUMBER F0260400FA033 | 5. SOLICITATION NUMBER | 6. SOLICITATION ISSUE DATE |
| FOR SOLICITATION INFORMATION CALL | a. NAME | | b. TELEPHONE NUMBER | 8. OFFER DUE DATE/LOCAL TIME |

[redacted] CTING SQUADRON
EAGLE STREET
.8 AZ 85309-1217
DO TETRAULT ACQUISITIONS 623 856-7179
FA4887

10. THIS ACQUISITION IS
[ ] UNRESTRICTED
[ ] SET ASIDE 00000% FOR
[ ] SMALL BUSINESS
[ ] SMALL DISADV BUS
[ ] 8(A)
SIC:
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
[ ] SEE SCHEDULE

12. DISCOUNT TERMS
.000 % 00 DAYS
NET 30

[ ] 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)
13b. RATING
14. METHOD OF SOLICITATION
[ ] RFQ [ ] IFB [ ] RFP

DELIVER TO F1SUSC
SUPS/LGSC
MARK FOR: F1SUSC F02604 00FA033
171 W STARFIGHTER ST.
LUKE AFB, AZ 85309

16. ADMINISTERED BY FA48[...]
SEE BLOCK 9

CONTRACTOR/OFFEROR CODE 4X7S85U FACILITY CODE
800-959-0878

UNITED PARTITION SYSTEMS,INC
2180 S.HELLMAN AVE
ONTARIO CA 91761-8977

18a. PAYMENT WILL BE MADE BY F7S8[...]
DFAS-DE EFT:
PO BOX 203003
DENVER, CO
80220

17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED [ ] SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

[redacted] E ATTACHED SCHEDULE(S)
[redacted] EMS: 4

DELIVER TO FOB POINT BY: 00 JUL 31

ACCOUNTING AND APPROPRIATION DATA
[...]8 6429 170 000 845300 875000

26. TOTAL AWARD AMOUNT (For Govt. Use Only)
108464.00

27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4, 52.212-3 and 52.212-5 ARE ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4.FAR 52.212-5 is attached ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ____ COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

29. AWARD OF CONTRACT: REFERENCE 00RA034
[ ] OFFER DATED ____. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS:

SIGNATURE OF OFFEROR/CONTRACTOR

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)
[signature]

NAME AND TITLE OF SIGNER(TYPE OR PRINT) | 30c.DATE SIGNED

31b. NAME OF CONTRACTING OFFICER (TYPE/PRINT)
STANLEY D. JONDERS
31c. DATE SIGNED
06-05-0[...]

QUANTITY IN COLUMN 21 HAS BEEN
RECEIVED [ ] INSPECTED [ ] ACCEPTED AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED

33. SHIP NUMBER
[ ] PARTIAL [ ] FINAL
34. VOUCHER NUMBER
35. AMOUNT VERIFIED CORRECT FOR

SIGNATURE OF AUTHORIZED GOVT. REPRESENTATIVE | 32c.DATE

36. PAYMENT
[ ] COMPLETE [ ] PARTIAL [ ] FINAL
37. CHECK NUMBER

38. S/R ACCOUNT NUMBER
39. S/R VOUCHER NUMBER
40. PAID BY

"A"

42a. RECEIVED BY (PRINT)

I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT

42b. RECEIVED AT (LOCATION)

[redacted] URE AND TITLE OF CERTIFYING OFFICER | 41c.DATE

42c. DATE REC'D YY/MM/DD
42d. TOTAL CONTAINERS

L

# UNITED Partition Systems, Inc.

2180 S. Hellman Avenue
Ontario, California 91761

# Invoice

| DATE | INVOICE # |
|---|---|
| 9/19/2000 | 9404-1 |

REP: MRK

PROJECT: #9404

BILL TO
DFAS-DE
P.O. Box 203083
Denver, CO 80220

SHIP TO
FISUSC F02604 00FA033
14171 W STARFIGHTER ST.
LUKE AFB, AZ 85309

| P.O. NO. | TERMS | DUE DATE | FOB |
|---|---|---|---|
| F0260400FA0 | Due On Receipt | 9/19/2000 | prepaid/add |

| DESCRIPTION | Prior Amt | Prior % | Curr % | Total % | Est Amt | AMOUNT |
|---|---|---|---|---|---|---|
| United Partition Systems,Inc. Contract # GS07F0343j For Luke AFB Order # F0260400FA033 | | | | | | |
| ITEM # 001 FOR CONTRACT F1SUSC01450100 | | | 90.00% | 90.00% | 73,188.00 | 65,869.20 |
| ITEM # 002 FOR CONTRACT F1SUSC01450101 | | | 90.00% | 90.00% | 7,408.00 | 6,667.20 |
| ITEM # 003 FOR CONTRACT F1SUSC01450102 | | | 90.00% | 90.00% | 15,183.00 | 13,664.70 |
| ITEM # 004 FOR CONTRACT F1SUSC01450103 | | | 90.00% | 90.00% | 12,625.00 | 11,362.50 |

United Partition Systems, Inc. Dunns# 10773-7652
Federal Employer Identification Number 95-3812502

**Total** $97,563.60

EXHIBIT "24"

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| 1. CONTRACT ID CODE | PAGE OF PAGES |
|---|---|
| J | 1 / 3 |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO.(If applicable) |
|---|---|---|---|
| | 14-Sep-2001 | | |

6. ISSUED BY CODE FA4887
...ONTRACTING SQUADRON (ADMINISTRATIVE) FA4887
14100 W. EAGLE ST.

LUKE AFB, AZ 85309-1217

7. ADMINISTERED BY (If other than item 6) CODE
See Item 6

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)

UNITED PARTITION SYSTEMS, INC.
2180 S. HELLMANAVE.

ONTARIO, CA 91761-0977

CODE 4X750 FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MOD. OF CONTRACT/ORDER NO.
F02604-00-F-A033

X 10B. DATED (SEE ITEM 13)
05-Jun-2000

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

...must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods: ...completing Items 8 and 15, and returning ______ copies of the document; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN THE REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
See Schedule

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

...CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE ...TRACT ORDER NO. IN ITEM 10A.

...HE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

X D. OTHER (Specify type of modification and authority)
Far 52.249-8 titled "Default Fixed Price Supply and Services"

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

Reason for Modification: The reason for this modification is to terminate this order for default.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) ROBERT R. KELLEY / CONTRACTING OFFICER | |
|---|---|---|---|
| 15B. CONTRACTOR/OFFEROR (Signature of person authorized to sign) | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA BY [signature] (Signature of Contracting Officer) | 16C. DATE SIGNED 14-Sep-2001 |

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

| CONTINUATION SHEET | REFERENCE NO. OF DOCUMENT BEING CONTINUED<br>F02604-00-F-A033-P00002 | PAGE<br>2 OF 3 |
|---|---|---|

NAME OF OFFEROR OR CONTRACTOR
UNITED PARTITION SYSTEMS, INC.

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

SUMMARY OF CHANGES

Changes in Section B

CLIN 0001

The Termination Status code has changed from not terminated to T4D
The CLIN Termination Status code has changed from not terminated to Full

CLIN 0002

The Termination Status code has changed from not terminated to T4D
The CLIN Termination Status code has changed from not terminated to Full

CLIN 0003

The Termination Status code has changed from not terminated to T4D
The CLIN Termination Status code has changed from not terminated to Full

CLIN 0004

The Termination Status code has changed from not terminated to T4D
The CLIN Termination Status code has changed from not terminated to Full

Changes in Section G

Summary for the Payment Office

As a result of this modification, the total funded amount of the contract is decreased by $108,404.00 from $108,404.00 to $0.00

CLIN :0001
AA: 5703080 6429 170001 845380 660700 F1SUSC 000000000000
is decreased by $73,188.00 from $73,188.00 to $0.00

CLIN :0002
AA: 5703080 6429 170001 845380 660700 F1SUSC 000000000000
is decreased by $7,408.00 from $7,408.00 to $0.00

CLIN :0003
AA: 5703080 6429 170001 845380 660700 F1SUSC 000000000000
is decreased by $15,183.00 from $15,183.00 to $0.00

CLIN :0004
AA: 5703080 6429 170001 845380 660700 F1SUSC 000000000000
is decreased by $12,625.00 from $12,625.00 to $0.00

| CONTINUATION SHEET | REFERENCE NO. OF DOCUMENT BEING CONTINUED | PAGE |
| --- | --- | --- |
| | F02604-00-F-A033-P00002 | 3 OF 3 |

NAME OF OFFEROR OR CONTRACTOR
UNITED PARTITION SYSTEMS, INC.

# EXHIBIT "25"

BEST BEST & KRIEGER LLP
A CALIFORNIA LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
LAWYERS
3455 AMERICAN RIVER DRIVE, SUITE C
SACRAMENTO, CALIFORNIA 95864
(916) 974-3400
(916) 974-3405 FAX
BBKLAW.COM

RIVERSIDE
(909) 686-1450

INDIAN WELLS
(760) 568-2611

ONTARIO
(909) 989-8584

SAN DIEGO
(619) 525-1300

ORANGE COUNTY
(714) 939-5940

Paul F. Dauer
pfdauer@bbklaw.com
File No. 21017.00000

November 1, 2001

Robert R. Kelley
Contracting Officer
Department of the Air Force
56th Contracting Squadron (AETC)
Luke AFB, AZ 85309

Via Certified Mail
Return Receipt Requested
AND
Via First-Class Mail

Re: Contract No. F02604-00-F-A033 for Modular Buildings

Dear Sir:

My firm and I represent the contractor, United Partition Systems, Inc., regarding Contract No. F02604-00-F-A033. By directive of September 14, issued over the signature of Robert R. Kelley, Contracting Officer, we received notice that the order for the modular buildings which are the subject of the contract is being terminated for default. This is to protest that decision, which is wholly unwarranted and contrary to law.

The Air Force has been in breach of its contract to make prompt payment to my client for over a year, even though the modular buildings have been delivered and installed, and we were assured that progress payments would be forthcoming as early as September of 2000. The Air Force has totally failed and refused to live up to that obligation, and has not made prompt payment to my client, notwithstanding that any failure to complete the full performance of the contract has been the sole result of breaches by the Air Force. We have previously provided Brigadier General Stephen T. Sargeant of the Office of Public Affairs a complete summary of the principal circumstances relating to performance of the contract, including a number of acts by the Air Force which were in breach of its duties to the contractor. These included delays in preparing the work site for the installation of HVAC units associated with the modular buildings, in particular the failure to timely remove preexisting swamp coolers. This directly caused interruption in my client's performance of the work, necessitating additional costs and work, including transportation of personnel and other resources from California to Luke Air Force Base. Further, the Air Force breached its obligations of good faith and fair dealing by unreasonably and unjustifiably withholding approval and acceptance of the modular housing based on a contrived interpretation concerning the fire ratings of the walls of the modular systems.

LAW OFFICES OF
BEST BEST & KRIEGER LLP

Robert R. Kelley
Contracting Officer
November 1, 2001
Page 2

Finally, we note a completely inexplicable pattern of contract management by the Air Force in which in 12 months' time there have been 8 different contract managers. This number of changes is totally contrary to any reasonable standard. As we have noted in the past, that has been a basis for considerable disruption and delay during the course of the performance, as each of the contract managers has experienced a learning curve which has adversely affected my client's performance.

After review of the entire file, it is apparent that far from my client having defaulted in performance, the principal delays in completing the modular buildings have been due to failures of the government to perform its duties under the contract. That has been compounded by the delay in payment, which has severely impaired my client's ability to continue to perform. Notwithstanding that, we have made repeated efforts to seek direction and resolution of contract performance issues related to the specifications as construed by the Air Force, all with no satisfactory response. The culmination of this is the Air Force attempt to shift the blame for the failure of performance to the contractor, without justification, which is itself a breach of contract.

In light of the foregoing, this is to demand that you immediately withdraw the termination for default or, in the alternative, convert it to a termination for convenience. In either event, an immediate progress payment must be made to mitigate any further damage incurred by my client as a consequence of the government's wrongful conduct. If the matter is converted to a termination for convenience, we will prepare an expedited termination claim in order for the Air Force to make a partial payment on the claim at the earliest possible time. Your immediate attention is requested. In the absence of a timely response, no later than November 9, we will have no choice but to reduce this to a formal contract claim and bring the matter of the mismanagement of this contract to the attention of the DOD Inspector General.

Respectfully submitted,

Paul F. Dauer
BEST BEST & KRIEGER LLP

PFD:pm
cc: Brigadier General Stephen T. Sargeant, Office of Public Affairs, Luke AFB
[via certified mail, return receipt requested <u>AND</u> via first-class mail]

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 1670 0012 3579 0260

| | |
|---|---|
| Postage | $ .34 |
| Certified Fee | 2.10 |
| Return Receipt Fee (Endorsement Required) | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.94 |

Postmark Here

*Sent To* Robert Kelley
*Street, Apt. No.; or PO Box No.* 56th Contracting Squadron
*City, State, ZIP+4* Luke AFB 85309

PS Form 3800, May 2000 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert R. Kelley
Contracting Officer
Dept of AF
56th Contracting Squad
Luke AFB, AZ 85309

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)* Henry G. Millar B. Date of Delivery

C. Signature
X Henry G. Millar ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

LUKE A.F.B. P.O. GLENDALE AZ 85309 NOV 6 2001 USPS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Copy from service label)* 7000 1670 0012 3579 0260

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7099 3400 0018 5292 7453

| | |
|---|---|
| Postage | $ 0.34 |
| Certified Fee | 2.10 |
| Return Receipt Fee (Endorsement Required) | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.94 |

Postmark Here

Recipient's Name (Please Print Clearly) (to be completed by mailer): Stephen T. Sargeant
Street, Apt. No.; or PO Box No.: Dept of AF
City, State, ZIP+4: Luke AFB AZ 85309

PS Form 3800, February 2000 — See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stephen T. Sargeant
Ofc of Public Affairs
Air Force
Luke AFB, AZ 85309

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): Henry E. Miller
B. Date of Delivery
C. Signature: X [signature] ☐ Agent ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED
NOV 1 2001

LUKE A.F.B. GLENDALE AZ 85309 USPS — NOV 8 2001

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label): 7099 3400 0018 5292 7453

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

EXHIBIT "26"

RECEIVED DEC 17 2001

# DEPARTMENT OF THE AIR FORCE
## AIR EDUCATION AND TRAINING COMMAND

12 DECEMBER 2001

MEMORANDUM FOR UNITED PARTITION SYSTEMS, INC.
2180 HELLMAN AVE
ONTARIO, CA 92806
ATTN: MIKE KAMINSKI

FROM: 56th Contracting Squadron/LGCA
14100 West Eagle Street
Luke AFB, AZ 85309-1217

SUBJECT: Contract F02604-00-F-A033 for Modular Building

1. On 14 September 2001 modification P00002 was issued to contract F02604-00-F-A033 terminating the contract for default. At the same time the Government requested United Partition Systems dismantle and remove the modular building from Luke AFB within 30 calendar days following receipt of the Termination for Default. As of the date of this letter United Partitions Systems has failed to either acknowledge or comply with this request. As part of the reprocurement process, authorized under the Federal Acquisition Regulation, the modular building in question has been disassembled and is currently being stored by the Government.

2. It is requested that United Partition Systems provide the Government with disposition instructions on the modular building within 15 calendar days following receipt of this certified letter. Failure to respond may result in disposal of the modular building materials through normal Government procedures and channels. If you wish to recover these building materials for any future purpose and usage, arrangements for pick-up and delivery to United Partition Systems, Inc. will need to be made by your company at no cost to the Government.

3. If you have any questions you may contact me at (623) 856-7179 X230.

Robert R. Kelley

ROBERT R. KELLEY
Contracting Officer

Cc: Best Best & Krieger LLC

EXHIBIT "27"

BEST BEST & KRIEGER LLP
A CALIFORNIA LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
LAWYERS
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814
(916) 325-4000
(916) 325-4010 FAX
BBKLAW.COM

RIVERSIDE
(909) 686-1450
INDIAN WELLS
(760) 568-2611

ONTARIO
(909) 989-8584
SAN DIEGO
(619) 525-1300
ORANGE COUNTY
(714) 939-5940

PAUL F. DAUER
FILE NO. 21017.00000

December 18, 2001

VIA FEDEX

Robert R. Kelley
Contracting Officer
Department of the Air Force
56th Contracting Squadron (AETC)
Luke AFB, AZ 85309

*Re: Contract F02604-00-F-A033 for Modular Building*

Dear Mr. Kelley:

As I indicated in my correspondence, dated November 1, 2001, my firm and I represent the contractor, United Partition Systems, Inc. ("UPS"), regarding Contract F02604-00-F-A033. We are in receipt of your letter, dated December 12, 2001, regarding the disassembly of the modular building at Luke AFB and the government's intent to dispose of the modular building. As indicated previously, any delays in completing the construction of the modular building were the result of the failures of the government to perform it's duties under the contract, as well as its delay in payment to United Partition Systems, Inc.

In my November 1, 2001 letter, we requested that the government withdraw its termination for default or, in the alternative, convert it to a termination of convenience. We have not received any response to that letter. In fact, at no time following the September 14, 2001 modification have you directed UPS what actions, if any, it should take with regard to the terminated contract, contrary to your statement in the December 12, 2001 letter that you requested dismantling and removal of the modular building. Furthermore, at no time have you contacted my client to develop a program for accomplishing an orderly settlement of the contract. Accordingly, UPS will be filing a formal contract claim.

Moreover, any attempt on behalf of the government to dispose of the modular building, as indicated in your December 12, 2001 letter, would amount to destroying evidence. Because of the serious legal consequences of what you have already done in altering that evidence, you should immediately contact your attorney. Any party to a

possible legal action is obligated to preserve materials that the party knows, or reasonably should know: 1) might be relevant to the action, 2) could lead to the discovery of admissible evidence; or 3) is likely to be requested during discovery. Obviously, in a dispute concerning the adequacy of my client's contract performance the work done prior to termination is of critical importance. If the government does not preserve the modular building and this matter proceeds to litigation, the government will be subject to sanctions.

We request that the government cease any actions to dispose of or modify the modular building, or we will move for sanctions against it in any proceeding brought concerning Contract F02604-00-F-A033 as a result of the government's spoliation of evidence.

Sincerely,

Paul F. Dauer

KTC:drf

cc: Mike Kaminsky

EXHIBIT "28"

# DEPARTMENT OF THE AIR FORCE
AIR EDUCATION AND TRAINING COMMAND

RECEIVED

DEC 20 2001

BEST BEST & KRIEGER
SACRAMENTO

20 August 2001

MEMORANDUM FOR UNITED PARTITIONS SYSTEMS INC
ATTENTION MIKE KAMINSKI
2180 S. HELLMAN AVE
ONTARIO CA 91761-0977

FROM: 56th Contracting Squadron
14100 West Eagle Street
Luke AFB, AZ 85309-1217

SUBJECT: Contract F02604-00-FA033, Modular Building, Base Supply, Luke AFB AZ

1. This letter is to inform you that Contract F02604-00-FA033 is being terminated in accordance with contract clause 52.249-8 titled Termination for Default. Your firm was required to deliver a modular building, in accordance with the specification of contract F02604-00-FA033, by 31 July 2000. To date the U.S. Air Force does not have a useable modular building. You are being provided thirty days from receipt of the termination for default to remove all supplies and equipment provide by your firm from Luke AFB, AZ.

2. On 28 November 2000 your firm was issued a cure notice for the above referenced contract. To date there has been no compliance on the condition that prompted the cure notice. On 25 June 2001 your firm was issued a show cause notice. Your response to the show cause notice was determined to be inadequate. On 2 August 2001 a progress meeting was schedule at Base Supply, Building 945, in order to resolve those issue presenting roadblocks to a success completion of this project. Your firm chose not to provide a representative.

3. Here is a list of some, but not all, of the discrepancies noted on a walk-thru inspection conducted on 8 Aug 01. The walls are constructed with 1/8" hardboard over a 1-pound density polystyrene core with a 4-mil vinyl facing. The hardboard is a highly flammable product produced with formaldehyde. This does not meet the Class "A" fire rating as specified by the contract. There are dents; scratches, warps and other inherent poor quality in the manufacturing process and installation are too numerous to point out. Walls are out of plumb at approx. 3/4 inch from top to bottom in a 9-foot tall panel. 64-foot wall is installed against an exterior glass window. Water damage is apparent on rear of modular building due to water leakage form the fire suppression system. Doors: The doors were installed without pre-drilling of the hinges in the doors which may cause cracking and splitting of the doors. Doors are equipped with knobs that do not meet commercial standards. Lever hardware should be used in commercial applications. Vision lights (windows in doors) are not level and aluminum-framing miters are poor quality and un-even. Hinges on various doors are binding due to improper installation. Doorframes installed and/or manufactured un-level and miters are poor quality around

doorframe. Doorknob throw hole drilled through the doorframes are not in accordance with the proper knob. Some door catches are defective and damage. Swinging doors: Doors appear to be in good working conditions with the exception of scratches and dents. Miters on the doorframes are un-even and filled with caulking to hide poor workmanship. Headers of the doors are sagging and appear to be collapsing due to the roof load. There are numerous discrepancies in the following areas: windows, roof and fascia, aluminum framing, lights, ceiling, internal electrical, main electrical, raceways, LAN/Data, phone wiring, central air conditioning, and fire suppression. Due to the numerous concerns address above the U.S Air Force considers none of the building or equipment acceptable.

4. Base on the conditions presented above the government has no recourse but to terminate this contract for default. Your firm may submit a claim in accordance with the provisions of the dispuies clause 52.233-1. If you have any questions please call Ron Siler at 623 856-7179 ext. 268.

Robert R. Kelley
Robert R. Kelley
Termination Contracting Officer (TCO)

56th CONTRACTING SQUADRON
LUKE AIR FORCE BASE, ARIZONA 85309-1217

RECEIVED
DEC 20 2001
BEST BEST & KRIEGER
SACRAMENTO

FAX COVER SHEET

WARNING!! - DO NOT TRANSMIT CLASSIFIED INFORMATION OVER UNSECURED TELECOMMUNICATIONS SYSTEMS. OFFICIAL DOD TELECOMMUNICATIONS SYSTEMS ARE SUBJECT TO MONITORING AND USE OF DOD TELECOMMUNICATIONS SYSTEMS CONSTITUTES CONSENT TO MONITORING.

DATE: 20-Dec-01 TIME: ______

TO: BEST BEST & KRIEGER
Sacramento, CA
Attn: Paul F. Dauer

PHONE: (916) 325-4000
FAX: (916) 325-4010

FROM: 56th CONS/LGCA
Luke AFB, Arizona
Attn: Ken Barborak

PHONE: (623) 856-7179 x290
FAX: (623) 856-3447

RE: Contract F02604-00-F-A033, Modular Bldg

NUMBER OF PAGES INCLUDING COVER SHEET: 3

MESSAGE:

Mr. Dauer:

Mr. Kelley asked this be faxed to you. It is a copy of a letter sent to United Partition Systems. If you have any questions please feel free to call. Thank you.

Ken Barborak